

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2004

# Michaels v. Breedlove

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4891

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Michaels v. Breedlove" (2004). *2004 Decisions.* Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-4891
_____

GEORGE E. MICHAELS;
ROBERT G. LEWIS,

Appellants

v.

HOWELL A. BREEDLOVE; JAMES E. HOWE; CARL A. SNYDER,
Trustees of J&L Structural, Inc. Defined Contribution Pension Plan;
KEN W. BIXBY; M. EDWARD MURPHY; CARL A. SNYDER,
Trustees of J&L Structural, Inc. 401(k) Profit Sharing Plan

Defendants/Third-Party Plaintiffs

v.

CONGRESS FINANCIAL CORPORATION; BOETGER & ASSOCIATES, INC.;
STONECIPHER, CUNNINGHAM, BEARD & SCHMITT, P.C.;
DELOITTE & TOUCHE; ARTHUR ANDERSON LLP

Third-Party Defendants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 02-cv-00597)
District Judge:  Honorable Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
December 7, 2004

Before:  RENDELL and FISHER, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed : December 8, 2004 )

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Appellants George E. Michaels and Robert G. Lewis appeal the District Court's dismissal of their complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, we will affirm.

Appellants are retirees of Chapter 11 debtor J & L Structural, Inc. ("J&L").  They sought to redeem their vested J&L pension and 401(k) benefits.  The trustees of J&L's pension and 401(k) plans ("Trustees") directed that checks in the amount of Appellants' vested benefits be deposited in J&L's operating bank account.  J&L issued checks to Appellants in late June 2000, contemporaneous with the filing of its Chapter 11 bankruptcy petition on June 30, 2000.  J&L's bank refused to honor the checks given the pendency of the bankruptcy.  Appellants expended their own resources prosecuting proceedings seeking recovery of their benefits; they ultimately prevailed.

Appellants then brought the instant action against the Trustees, claiming that the Trustees breached their fiduciary duty under § 409 of the Employee Retirement Income

_____

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Security Act ("ERISA"), 29 U.S.C. § 1109, by depositing the checks with J&L, and seeking reimbursement of the attorney's fees and costs they incurred in recovering their benefits under § 502 of ERISA, 29 U.S.C. §§ 1132(a)(1)(B), (2), (3) and (g). The District Court dismissed Appellants' complaint for failure to state a legally sufficient claim.[1]

The District Court properly exercised jurisdiction pursuant to 29 U.S.C. § 1132(a)(1)(B), (e) and (f) and 28 U.S.C. §§ 1331 and 1337. We have jurisdiction under 28 U.S.C. § 1291. Appellants contend that they are entitled to recover their fees and costs under § 502(a)(3)(B), which permits plan beneficiaries to seek "other appropriate equitable relief" to redress ERISA violations. But the Supreme Court rejected this construction of § 502(a)(3)(B)'s "equitable relief" provision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002). The Court in *Great-West* began by noting that regardless of how styled, claims seeking money damages fall outside the ambit of "equitable relief":

> "Almost invariably ... suits seeking (whether by judgment, injunction, or declaration) to compel the defendant to pay a sum of money to the plaintiff are suits for 'money damages,' as that phrase has traditionally been applied, since they seek no more than compensation for loss resulting from the defendant's breach of legal duty."

---

[1]The Trustees filed a third-party complaint asserting claims under ERISA against Defendants Congress Financial Corp., Boetger & Associates, Stonecipher, Cunningham, Beard & Schmitt, P.C., Deloitte & Touche and Arthur Anderson LLP. Various of these Defendants filed cross-claims against one another. The District Court granted these Defendants' motions to dismiss for the same reasons it granted the Trustees' motion to dismiss, and therefore further denied as moot all additional motions between and among the Defendants concerning the third-party complaint and cross claims.

*Great-West*, 534 U.S. at 210 (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 918-919 (1988) (Scalia, J., dissenting)). The Court went on to distinguish between "legal restitution" and "equitable restitution," explaining that

> In cases in which the plaintiff "could *not* assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution *at law* through an action derived from the common-law writ of assumpsit. .... In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money."

*Id.* at 213 (citations omitted). Equitable restitution, on the other hand, refers to recovery of money or property which "could clearly be traced to particular funds or property in the defendant's possession." *Id.* (citations omitted). In order to recover the kind of equitable restitution that might be available under § 502(a)(3), an "action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id.* at 214.

Piercing through the labels Appellants use to describe their requested relief reveals that they seek no more or less than reimbursement for the attorney's fees and costs they incurred while attempting to recover their pension benefits. As *Great-West* makes clear, such relief falls outside the category of "equitable restitution" which might be recoverable under § 502(a)(3)(B).

4

Appellants argue alternatively that they are entitled to attorney's fees and costs under § 502(a)(1)(B) and (g).[2] Section 502(a)(1)(B) is plainly unavailing to Appellants – not only does their action not fall within the categories of actions detailed in the provision, but we have explicitly held that § 502(a)(1)(B) does not create a private cause of action for breach of fiduciary duty. *See Haberern v. Kaupp Vascular Surgeons Ltd. Defined Benefit Pension Plan*, 24 F.3d 1491, 1501 (3d Cir. 1994).

Section 502(g) is equally unavailing. It provides for recovery of fees and costs incurred in an action brought under ERISA. But Appellants seek recovery of the fees and costs they incurred in prosecuting the proceedings in the Bankruptcy Court under the bankruptcy code. These proceedings were not initiated "under" ERISA. Appellants complain that the only reason they had to prosecute the underlying proceedings in the Bankruptcy Court and under the bankruptcy code was the Trustees' wrongdoing, and that therefore the Trustees should not be permitted to invoke the plain language of § 502(g) limiting the recovery of attorney's fees and costs to those incurred in ERISA actions. This contention amounts to an argument that we should rewrite or simply ignore the plain language of § 502(g). The statute's language is clear and we must follow it. Appellants' attempt to recover under § 502(g)(1) is therefore without merit.

---

[2]Section 502(a)(1)(B) enables a plan participant or beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]" 29 U.S.C. § 1132(a)(1)(B). Section 502(g)(1) permits courts to award the reasonable attorney's fees and costs incurred in "any action under this subchapter[.]" *Id.* at § 1132(g)(1).

Finally, Appellants suggest that they are entitled to fees and costs under common law estoppel principles. The Supreme Court has made crystal clear, however, that because ERISA is a "comprehensive and reticulated statute," there is a strong presumption "that Congress did *not* intend to authorize other remedies that it simply forgot to incorporate expressly[,]" and courts should therefore be "reluctant to tamper with [the] enforcement scheme embodied in the statute by extending remedies not specifically authorized by its text." *Great-West*, 534 U.S. at 209 (citations and internal quotation marks omitted). We see no reason to override this presumption here and recognize some broad common law claim in circumvention of ERISA.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____